No. 84–5389. JACOBS v. WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS. Sup. Ct. Fla. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

This Court has unequivocally stated that a sentencer in a capital case must be permitted to consider, as evidence of mitigation, any aspect of a defendant's character or record, and any circumstances of the offense, that the defendant offers as a basis for a sentence less than death. *Lockett* v. *Ohio*, 438 U. S. 586, 604 (1978). The issue squarely presented is whether, when a trial judge has prevented the jury from hearing indisputably relevant mitigating evidence, that error creates such an unacceptable risk that the death penalty was inappropriately imposed as to require a reviewing

court to remand for resentencing, even if the error was not properly preserved in the trial court. To hold that the fundamental error may be ignored is to penalize a defendant, possibly with his life, for the shortcomings of his attorney. I do not believe such a result comports with the most elemental principles underlying the Eighth and Fourteenth Amendments. I therefore dissent.

## I

The relevant facts of this case are quite straightforward. The defendant took the stand at the sentencing phase of his trial and testified about certain statutory mitigating factors. Trial counsel then asked: "Do you know anything else that you wish to tell this jury in mitigation of this offense of which you have been convicted?" The prosecutor objected to this question, arguing that it was too broad because "it must follow the statute." Trial counsel tried to phrase the question differently, and again the objection was sustained. The trial court accepted the prosecution argument that the Florida death penalty statute permitted only evidence of statutory mitigating factors. Since, under this view, *all* evidence of *nonstatutory* mitigating factors was inadmissible, the trial judge did not permit the defendant to describe to the jury the mitigating circumstances of his background, and of the offense.

There is no dispute that the trial judge violated the mandate of *Lockett* v. *Ohio* when he ruled that evidence of nonstatutory mitigating factors was not admissible. However, defendant's trial counsel, who continued as appellate counsel, did not raise this issue either on direct appeal in the state courts, or in the first petition for certiorari filed with this Court.

Thereafter the defendant obtained new counsel, who filed a petition for habeas corpus in the Florida Supreme Court, which has original jurisdiction to address claims of ineffective assistance of counsel before that court. In a terse paragraph, the court dismissed the argument that appellate counsel was ineffective. The court ruled that appellate counsel could not be considered incompetent for failure to raise the claim on appeal because he was procedurally precluded from raising it. Under Florida law, the court explained, counsel was required to make a proffer of the attempted testimony after the trial judge excluded it. Thus, the court effectively ruled, there could have been no prejudice from the failure to raise the issue on appeal, since the court would not have addressed it anyway. Two justices dissented on the

grounds that the nature of the excluded evidence was apparent, that the court should have addressed the claim, and that appellate counsel was ineffective in his failure to raise the issue. The defendant then filed this petition for certiorari, challenging the State Supreme Court's ruling that the reviewing court would have had no obligation to address the *Lockett* claim on the merits.

## II

Because of the basic difference between the death penalty and all other punishments, this Court often has recognized that there is a corresponding difference in the need for reliability in determining whether the death sentence is appropriately imposed in a particular case. Thus, we have recognized that "[w]hat is essential is that the jury have before it all possible relevant information about the individual defendant whose fate it must determine," *Jurek* v. *Texas*, 428 U. S. 262, 276 (1976) (opinion of Stewart, POWELL, and STEVENS, JJ.), and we have steadfastly insisted that the sentencer in capital cases must be permitted to consider any relevant mitigating factor. *Eddings* v. *Oklahoma*, 455 U. S. 104, 112 (1982).

The premise of this unfolding doctrine is that a sentence imposed without evidence of facts and circumstances offered in mitigation creates a risk that the death penalty will be imposed in spite of factors that call for a different penalty. As THE CHIEF JUSTICE has written: "When the choice is between life and death, that risk is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments." *Lockett* v. *Ohio*, *supra*, at 605. Yet, when a court closes its eyes to clear *Lockett* error, as the state court did in this case, and instead rests on technical procedural rules, it accepts the risk to which THE CHIEF JUSTICE refers and comes down on the side of death.

Nor does THE CHIEF JUSTICE stand alone in his recognition that a sentencing body's failure to consider all mitigating evidence seriously and unacceptably raises the possibility that a person will die in error. Infusing many opinions from this Court is the sense that *Lockett* is so fundamental, and the result of an improper exclusion of mitigating evidence potentially of such great magnitude, that such errors simply must be corrected. Thus, writing in *Eddings* v. *Oklahoma*, JUSTICE O'CONNOR observed: "Because the trial court's failure to consider all of the mitigating evidence risks erroneous imposition of the death sentence, in plain violation

of *Lockett*, it is our duty to remand this case for resentencing." 455 U. S., at 117, n. (concurring opinion). Indeed, in *Eddings* five Members of this Court reversed a death sentence as a consequence of a *Lockett* violation, even though certiorari had been granted on a separate issue, and even though the claim was presented neither to the state court nor to this Court. Similarly, writing in *Strickland* v. *Washington*, 466 U. S. 668 (1984), JUSTICE BRENNAN echoed this sentiment when he observed that "a sentencing judge's failure to consider relevant aspects of a defendant's character and background creates such an unacceptable risk that the death penalty was unconstitutionally imposed that, even in cases where the matter was not raised below, the 'interests of justice' may impose on reviewing courts 'a duty to remand [the] case for resentencing.'" *Id.*, at 705 (concurring in part and dissenting in part). To my mind, the concerns expressed in these opinions all point toward one irrefutable conclusion: that regardless of procedural obstacles, where the trial court's commission of clear *Lockett* error leads to the exclusion of relevant mitigating evidence, the reviewing court must address the issue and remand for resentencing.

The court reviewing the defendant's sentence would have had precisely such a duty to remand this case for resentencing, had counsel either raised the *Lockett* issue before that court, or had the court noted it of its own account. Indeed, the need to consider the claim, and remand, is particularly compelling when the trial court has blocked the defendant's submission of *all* nonstatutory mitigating factors. The State Supreme Court's willingness to blink at such potentially profound and consequential error, as evidenced by its cursory dismissal of the ineffective-assistance claim on the ground that the error would not have been addressed anyway, jeopardizes what I believe to be the foundation on which this Court's current death penalty jurisprudence rests. And, as I have noted, this concern is especially palpable under the facts of this case. The defendant has indicated that if he had been permitted to testify, he would have told the jury that his co-participants were not sentenced to death; that the victim drew a gun on him; and that he came from a background of extreme poverty, had worked steadily since childhood, and had a long history of concern for family and friends. Such testimony is paradigmatic of the evidence whose admission is fostered and protected by *Lockett* and *Eddings*, and yet it was excluded here.

This case therefore offers a compelling opportunity to consider whether a reviewing court, confronted with the erroneous exclusion of undeniably relevant mitigating evidence, must consider the claim regardless of procedural rules permitting the court to avoid the merits. It offers an opportunity to consider whether the shortcomings of an attorney, appointed to handle a case both at trial and on appeal, will be permitted to take their toll on the life of a defendant. I cannot imagine that the Constitution countenances such an inhumane result. Accordingly, I dissent.

## III

I continue to adhere to my view that the death penalty is in all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments. See *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting); *Furman* v. *Georgia*, 408 U. S. 238, 314 (1972) (MARSHALL, J., concurring). Even if I did not believe that the death penalty is in all cases unconstitutional, however, I would grant certiorari in this case for the reasons set out above.